UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERESA METZ,

        Plaintiff,

v.                                       Case No. 08-C-253

WISCONSIN DEPARTMENT OF CORRECTIONS,

        Defendant.

**ORDER**

Plaintiff Teresa Metz has filed an action in this court. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. Accepting the allegations of the complaint as true, as I must at this stage of the proceedings, the plaintiff alleges a deliberate and personal effort to get her fired from her job as a temporary nurse at Dodge Correctional Institution. She alleges that her supervisor was out to "get" her and trumped up a way that she would have to

go home during her shift to change into scrubs that fit her. He then ordered her terminated for "abandoning" her patients, even though she had arranged with another nurse to cover for her absence.

The plaintiff views this as a personal attack on her reputation and character and seeks redress for the defamatory behavior of the supervisor and damages for her loss of work and psychological harm. She further criticizes the failure of Dodge Correctional to investigate the trumped-up incident rather than simply taking the state employee's word for what happened. In sum, the complaint alleges that the plaintiff was fired under very unfair circumstances.

Nevertheless, neither the Constitution nor federal law guarantees fairness in the employment context. In the vast majority of work situations, bosses can fire an employee because the boss is having a bad day, or because the boss thinks the employee is stealing even when she is not. In theory, there is no law preventing supervisors from firing people just because they don't like them, even under trumped-up circumstances. Of course the law forbids such actions when they are motivated by certain impermissible ends, such as racism or sexism, and the Constitution forbids such precipitous action when an employee has a liberty or property interest in her job (such as a tenured professor at a state college). But none of that is at issue here. The complaint alleges that the plaintiff was employed by a firm called STAT, a temp services company, and was not a state employee. *Hanna v. Westbloom,* 260 F.3d 621, 2001 WL 650188, *1 (5th Cir. 2001) (temporary physician fired from VA hospital had no due process rights). Accordingly, I see no federal cause of action based on the plaintiff's termination.

The plaintiff seems most focused on defamation, and that is a state law cause of action. It may be that the plaintiff could successfully bring such a claim in state court, but because there is no

2

federal claim pled in her complaint any such claim will be dismissed without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice to any state law claims the plaintiff should wish to pursue in state court.

Dated this 15th day of April, 2008.

    /s William C. Griesbach
William C. Griesbach
United States District Judge

3